IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of the Tax Indebtedness of JOE W. ROBERTSON and ALICIA J. ROBERTSON | Case No.  1:16-CV-11-BLW<br><br>**FINDINGS OF FACT & CONCLUSIONS OF LAW** |

## INTRODUCTION

The Internal Revenue Service (IRS) seeks approval to sell Joseph Robertson's home and apply the proceeds to the back taxes he owes.  The Court held an evidentiary hearing on August 29, 2016, and took the matter under advisement.  For the reasons expressed below, the Court will approve the sale.

## FINDINGS OF FACT

Joseph Robertson and his then-wife, Alicia Robertson, did not file tax returns for 1999 through 2005.  The IRS assessed a tax deficiency for those years of over a million dollars.  *See Robertson Affidavit (Dkt. No. 7)* at ¶ 11.  The Robertsons responded in 2006 by having their accountant prepare tax returns for the years 1999–2005 and provide them to the Taxpayer Advocate Service, who forwarded them to the IRS.  After initially accepting some of the returns, the IRS audited all of those tax periods in 2007.

The Robertsons' accountant calculated their tax deficiency for those years to be about $41,000, relying on substantial deductions the IRS had not considered.  But the Robertsons claim that the supporting evidence for all of these deductions was destroyed when their basement flooded.

**Findings of Fact & Conclusions of Law – page 1**

Robertson testified that during this time, he sought help from the IRS's Taxpayer Advocate's Office, and was assisted by a Taxpayer Advocate named Anthony Subiak. Robertson testified that the two of them talked numerous times over the telephone, and that Subiak worked for over a year before calculating Robertson's tax deficiency as $27,000, a figure even lower than Robertson's accountant calculated. Subiak explained, according to Robertson's testimony, that the accountant had failed to take into account some favorable tax savings.

Subiak's analysis was obviously of great value to Robertson because it was so much less than the IRS's deficiency calculation of over a million dollars. Thus, one would assume that Robertson would do everything in his power to obtain Subiak's written analysis.

Robertson testified that Subiak mailed his tax analysis to Robertson on two occasions, but both times the analysis was returned because Subiak was not aware that the Robertsons had moved to a new home. While Subiak was trying to call Robertson to determine why the mailings were being returned, Subiak's calls went unreturned because Robertson had given his cell phone to his daughter, who apparently either did not get Subiak's messages or failed to pass them along.

So at the very moment that Robertson was to receive a tax analysis that slashed his deficiency calculation by nearly a million dollars, he made it nearly impossible for anyone to contact him. At the evidentiary hearing, Robertson made no attempt to explain why he failed to inform Subiak that he could not be reached at his old address or cell phone number.

**Findings of Fact & Conclusions of Law – page 2**

By the time Robertson finally asked why he had not received the analysis, Subiak told him that after unsuccessfully attempting to reach Robertson by mail and cell phone, he had "closed them [the tax analysis papers] out and sent them to a file." Robinson did not explain what this meant or why Subiak could not retrieve the analysis and send it to the correct address. When asked whether he had contacted Subiak more recently to confirm this story, Robertson testified that Subiak had retired two or three years earlier. Beyond this, Robertson did not describe any efforts he has made to contact Subiak. The Court is left simply with Robertson's account, described above.

Throughout 2007 and 2008, the IRS audit of the tax returns prepared by the Robertsons' accountant was continuing. When the Robertsons failed to produce any evidence to support their deductions – the evidence having allegedly been lost in a basement flood, as discussed above – the IRS refused to allow the deductions, assessed a tax deficiency of about $1,000,000, and sent deficiency notices to the Robertsons in 2008. The notices gave the Robertsons 90 days to file a petition with the Tax Court to challenge the IRS assessments. The Robertsons failed to file any challenge and have not cured the deficiency. Today they owe, with interest and penalties, $1,602,723.46. *See* Petition (Dkt.No. 1) at p. 5.

The IRS began its efforts to collect this sum in 2009. The Robertsons responded by filing an offer in compromise that was denied in 2010.

The IRS evaluated the assets the Robertsons had to pay the back taxes and determined that the only real asset of value was their principal residence. There was no

**Findings of Fact & Conclusions of Law – page 3**

evidence submitted by the Robertsons at the hearing that alternatives exist to selling the home.

The address of the home is 3886 N. 1700 E., Buhl, Idaho, 83361. This property is within the jurisdiction of the Court. Joseph Robertson's step-son Andrew resides in the home and has temporary custody of his infant son. There are ongoing court proceedings between Andrew and the mother of the infant to determine the custody of their infant son. Robertson did not produce any evidence that Andrew and his infant son lack other housing options.

Robinson argues that the levy is improper because the IRS has failed to satisfy the legal prerequisites for levying on a principal residence, specifically by failing to (1) properly verify his liability, (2) investigate alternative remedies, and (3) take into account the fact that a minor child resides in the home. The Court will consider each of these arguments after reviewing the legal standards that govern the Court's analysis.

## LEGAL STANDARDS

Congress allows the IRS to levy upon a taxpayer's property to collect back taxes. *See* 26 U.S.C. § 6334. However, a taxpayer's principal residence is exempt from that levy unless the levy is approved by a United States District Court Judge or Magistrate Judge. *See* 26 U.S.C. § 6334(a)(13)(B) & 6334(e)(1).

That approval process begins with the IRS "filing a petition with the appropriate United States District Court demonstrating that the underlying liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been met, and no reasonable alternative for collection of

**Findings of Fact & Conclusions of Law – page 4**

the taxpayer's debt exists." *See* 26 C.F.R. § 301.6334-1(d)(1).  The petition for judicial approval "will ask the court to issue to the taxpayer an order to show cause why the principal residence property should not be levied and will also ask the court to issue notice of hearing." *See* 26 C.F.R. § 301.6334-1(d)(1).

Here, the IRS filed a petition with the Court that satisfies those requirements.  The Court issued the Order to Show Cause and held an evidentiary hearing where Robinson was represented by counsel and had the opportunity to call witnesses and make argument.

## CONCLUSIONS OF LAW

The IRS has satisfied the statutory and regulatory requirements to levy upon the Robertsons' home.  The Robertsons failed to file tax returns from 1999 through 2005.  Based on that failure, the IRS issued a valid assessment of a tax deficiency, gave the Robertsons an opportunity to challenge that assessment, and started collection efforts only after the Robertsons failed to file any challenge to the assessment.  The Robertsons now owe $1,602,723.46.  The IRS has verified that this sum was validly assessed, remains unpaid, and that all the legal and administrative requirements for levying on a principal residence were satisfied.  There is no evidence that alternatives exist for collection other than the sale of the Robertsons' home.

Robertson responds that the Court should consider Subiak's analysis concluding he only owed $27,000.  But Robertson failed to produce that analysis – or any evidence whatsoever documenting his alleged year-long discussions with Subiak – and his testimony about the returned mailings, home address confusion and loaned cell phone is simply not credible.  Moreover, if Robertson's testimony of Subiak's analysis is

**Findings of Fact & Conclusions of Law – page 5**

submitted to estop the IRS from seeking more than $27,000, it is governed by the well-established principle that the Government can only be estopped if there is evidence of "affirmative misconduct." *Rider v. United States Postal Service,* 862 F.2d 239, 241 (9th Cir.1988). Robertson has not made that showing here.[1]

Robertson argues that the IRS has failed to verify his tax liability. But IRS agent Brent Birrell testified that he examined the entire file and determined that the assessment was issued properly and remains unpaid. Robertson's argument that the IRS failed to fully "investigate" his tax liability is really just a thinly veiled argument that a new assessment should be done. That argument must fail because the taxpayer "is not permitted to challenge the merits underlying the tax liability" in this proceeding. *See* 26 C.F.R. § 301.6334-1(d)(2). This is because a tax "assessment is given the force of a judgment, and if the amount assessed is not paid when due, administrative officials may seize the debtor's property to satisfy the debt." *Bull v. U.S.*, 295 U.S. 247, 260 (1935).

Robertson argues that the *Cohen Rule* requires the IRS to investigate a taxpayer's claimed deductions even if the taxpayer cannot fully substantiate those deductions, and that this required investigation never took place. Putting aside for a moment the fact that this argument improperly challenges the assessment, not the levy, the *Cohen Rule* only requires that the IRS investigate "reasonable leads furnished by the taxpayer." *See Edelson v. C.I.R.,* 829 F.2d 828, 830 (9th Cir. 1987).[2] Robertson has furnished nothing to

---

[1] Accordingly, the Court will grant the IRS's motion in limine.

[2] Moreover, *Edelson* involved a dispute over income, not deductions.

**Findings of Fact & Conclusions of Law – page 6**

the IRS or to this Court that would warrant a follow-up investigation. Having submitted no supporting evidence, Robertson is not entitled to the benefits of the *Cohen Rule*.

Robertson argues that a reasonable alternative to collection is an offer in compromise for doubt as to liability. But that is simply another way to argue that the assessment should be challenged in this proceeding, an argument the Court rejected above and will reject here.

Finally, Robertson argues that IRS regulations forbid the sale of a home if a minor child is living therein. But the evidence at the hearing established that Robertson's step-son has only temporary custody of the infant, and no evidence was introduced that the step-son and infant lacked housing options. Robertson offers no legal authority that these circumstances would preclude the sale of the home.

For all of these reasons, the Court will grant the Petition filed by the IRS and approve the sale of Robertson's residence. The Court will issue a separate Judgment as required by Rule 58(a).

DATED: September 12, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

.

**Findings of Fact & Conclusions of Law** – page 7